[No. 5251.]
[No. 2876 C. A.]

## ISRAEL, U. S. MARSHAL, ETC., v. DAY.

1. **Practice in Civil Actions—Uncontradicted Evidence—Direction of Verdict.**

Where the material facts are established by uncontradicted evidence, a verdict should be directed for the party entitled to recover in accordance with the conclusions of law properly deducible from the facts.—P. 53.

2. **Statutory Construction — Fraudulent Conveyances — Sales — Validity—Delivery of Possession.**

Mills' Ann. Stats., § 2027, provides that every sale of chattels in the vendor's possession, unless accompanied by immediate delivery and followed by an actual continued change of possession, shall be presumptively fraudulent as against the creditors of the vendor. Held, that a buyer of chattels must take the actual possession thereof, and that such possession must be open, notorious, exclusive and unequivocal, and such as to apprise the community that the goods have changed hands, and, to satisfy the statute, there must be no apparent possession left in the vendor.—P. 54.

3. **Same.**

The owner of a ranch sold certain horses, cattle, and feed thereon to a person owning an adjacent ranch, and, after the sale, left the ranch and removed therefrom a number of the horses and various tools used in his business as railroad contractor. The vendee permitted the purchased property to remain on the ranch, and placed other stock thereon. All the stock on the ranch was fed by an old employee of the vendor, but the vendee visited the ranch daily, and gave directions as to the care of the stock, and, at different times, took away some of the horses to work, but returned them again. Held, that there was not such a compliance with Mills' Ann. Stats., § 2027, as to render the sale valid against creditors of the vendor.—P. 56.

*Appeal from the District Court of Weld County.
Hon. Christian A. Bennett, Judge.*

Action by William E. Day against Joseph A. Israel, United States marshal for the state of Colorado. From a judgment for plaintiff, defendant appeals.                    *Reversed with directions.*

Messrs. WOLCOTT, VAILE & WATERMAN, Mr. CALDWELL MARTIN, and Mr. W. N. VAILE, for appellant.

Mr. H. N. HAYNES, for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Appellant, United States marshal for the state of Colorado, by virtue of an execution in his hands, levied upon certain personal property as the chattels of J. B. Hindry, the execution debtor. Appellee, claiming to be the owner of this property by purchase from the judgment debtor prior to the levy, brought suit in replevin against the marshal to recover possession thereof. The trial resulted in a verdict and judgment for the plaintiff, from which the defendant appeals.

Counsel for defendant assign errors upon instructions given and refused, and the admission of testimony. Counsel for plaintiff contend there was no error with respect to these matters. We do not deem it necessary to enter upon a discussion of the questions thus raised, because it appears that the material facts are established by testimony in which there is no conflict, and the case is, therefore, one where a verdict should have been directed for either the plaintiff or defendant, in accordance with the conclusions of law properly deducible from such facts.

On behalf of defendant it is urged that the evidence is not only insufficient to support the verdict,

but that under the testimony a verdict for the defendant should have been directed, while on behalf of the plaintiff it is contended that the testimony is ample to support the verdict returned by the jury.

The contention of counsel for defendant is based upon the assumption that the testimony wholly fails to establish that the sale upon which plaintiff relies was accompanied by an immediate delivery, and an actual and continued change of possession of the property in controversy, and therefore, it is contended, the sale from Hindry to plaintiff was void as against the judgment creditor of the former, by virtue of § 2027, Mills' Ann. Stats., which provides, in substance, that every sale made by a vendor of chattels in his possession, unless accompanied by an immediate delivery, and followed by an actual, continued change of possession of the goods sold, shall be conclusively presumed to be fraudulent and void as against the creditors of the vendor. This statute has been before this court and the court of appeals in many cases in which it has been uniformly held that the vendee of chattels must take the actual possession thereof, and that such possession must be open, notorious, exclusive and unequivocal, and such as to apprise the community that the goods sold have changed hands, and the title has passed from the vendor to the vendee. What constitutes a compliance or non-compliance with its provisions necessarily varies with the circumstances of each case involving a sale of chattels, where the foregoing statute is drawn in question, and it therefore becomes necessary to briefly review the testimony in order to determine whether or not the sale was void as against the creditor of Hindry for whose benefit the levy of the execution by the marshal was made.

It appears that Hindry owned a ranch adjacent to the one owned by the plaintiff, and that the chat-

tels in question were located upon this ranch at the time plaintiff claims to have purchased them from Hindry. Hindry occupied this ranch, but was not there a great deal of the time. The property in controversy consisted of horses, cattle, hay and farming implements. Plaintiff purchased it the latter part of January, 1897, Hindry telling plaintiff that he was going away, did not intend to do any more farming, that he never expected to come there again, and to take charge of and treat the ranch as his .own. Subsequently, and on the evening of the day of sale, Hindry left, taking with him a number of horses, wagons, scrapers and other tools used in the business of grading, his occupation being that of a contractor on ditches and railroad grades. At that time G. C. Henry was in the employ of Hindry, caring for the property purchased, and had been for several years previous. The evening of the day of the sale plaintiff informed Henry that he had bought the stock in controversy, and would depend upon .him to take care of it. The next morning plaintiff entered upon the ranch with about one hundred head of his own cattle and horses, which had never been there before, leaving them there to pasture, in charge of Henry. This stock, as well as that purchased from Hindry, was fed by Henry from the hay purchased. Plaintiff visited the ranch daily, gave directions as to the care of the stock thereon, at different times took some of the horses purchased from Hindry over to his own ranch and worked them there, returning them later to the Hindry ranch, and at times one of his employees, a Mr. Craig, went to the ranch and assisted in looking after and caring for the stock. This condition of affairs continued for about two weeks, when the marshal, through a deputy, levied upon the property purchased by plaintiff from

Hindry. At the time of the levy this property was on the Hindry ranch, and in charge of Henry.

It is evident from the foregoing statement that the solution of the question of delivery to, and possession of plaintiff, of the property levied upon turns upon his possession and control of the Hindry ranch, because it remained there at all times except the few instances when plaintiff took some of the horses to his own place, but afterwards returned them. The ranch was the property of Hindry, and so long as the chattels in controversy remained thereon, they were apparently in his possession, unless the facts are such as to indicate that plaintiff was in the actual, exclusive possession and control of the ranch. That counsel for plaintiff regards the possession of the ranch as the real test is evident, because he aptly states, in his brief: ''A ranchman who buys property on an adjoining ranch is under no obligation to remove the property from the ranch if he takes visible control of the ranch itself, and exercises full control over it as tenant.''

But does the testimony disclose that plaintiff exercised such acts of control over the ranch as to indicate to the community or those familiar with the situation prior to the date of sale, that he was in the full possession and control thereof? We think not. Henry, who for several years previous had been looking after the ranch for Hindry, and the property in question, remained upon the ranch looking after and caring for this property. There was nothing to indicate that he had become solely the employee of plaintiff upon the ranch, instead of Hindry, if, in fact, such change was made. That Hindry had taken away a number of horses and grading implements was no indication that he had turned the possession of the ranch over to plaintiff. There was nothing unusual in this act, because he was absent from the

ranch with this or other property of a similar character most of the time, engaged on ditch and other contracts. That plaintiff and his employee frequently visited the ranch and gave directions as to the care of the stock thereon would not indicate that he was. a tenant in possession and control of the ranch, because such visits would be entirely consistent with the fact that he was pasturing stock thereon, and the presence of such stock on the ranch would merely indicate that some arrangement had been made with the owner for pasturing it. Taking some of the horses purchased from Hindry over to his own ranch and returning them to the Hindry ranch would indicate that he had borrowed or hired, rather than purchased, them. The stock purchased, or at least the greater part thereof, except as occasionally used by plaintiff in the manner indicated, was kept separate and apart from that of the plaintiff, in the same corrals and sheds that it was before the purchase, and fed separately from that of plaintiff. The implements were not moved. No notices were posted to the effect that there had been any change in the possession or control of the ranch. In short, there was no change, such as would apprise the community or those familiar with the property in controversy and conditions, as they existed previous to the sale, under which plaintiff claims that he was in the actual possession and exclusive control of the ranch.

The purpose of the statute is to prevent fraud by declaring that sales of personalty as against creditors of the vendor are void, unless there is an immediate delivery, followed by an actual and continued change of possession of the property sold. In order to satisfy the statute, there must be no apparent possession left in the vendor. The possession cannot be shared by the vendor and the vendee, and the change of possession to the vendee must not

only be actual, but apparent, from the acts upon which he relies to establish his possession.—*Atchison v. Graham,* 14 Colo. 217; *Willis v. Roberts,* 18 Colo. App. 149.

The property was upon the Hindry ranch at the time of the levy. The only circumstance upon which plaintiff could rely to establish possession at this time, was, that he was in the exclusive possession and control of the ranch, but the testimony does not establish a state of facts from which it could be inferred that his control and possession thereof was apparent to the community or the world, and hence it follows, it was not apparent that he was in the actual and exclusive possession of the property levied upon. We are, therefore, of the opinion that, from the testimony, the verdict of the jury cannot stand.

It is hardly necessary to cite cases supporting this conclusion, because, as previously stated, the decisions of the court of appeals and this court, construing the statute in question, in so far as applicable to the facts of this case, are to the effect that the vendee must take actual possession of the purchased property, and his possession must be so open, notorious and unequivocal as to apprise the community that the subject of purchase has changed hands, and the title thereto passed to him from the vendor, in order to protect himself against the creditors of the vendor.

Counsel for appellee cites a number of cases upon which he relies in support of his contention that the testimony was sufficient to sustain the verdict of the jury in finding that there had been an actual and continued change of possession of the goods in controversy. It is not necessary to analyze these cases further than to say, that in each the court held that the testimony established that the vendee was in the actual and continued possession of the

property from the date of sale, and that this fact was established by acts from which it was made to appear that his possession was open, notorious and apparent to all.

This is the second time that this case has been up for review. The record discloses the same state of facts at each trial. At the conclusion of the trial from which this appeal is prosecuted, counsel for defendant requested the court to instruct the jury to return a verdict for the defendant. This was denied. The request should have been granted. It appears that plaintiff is in the possession of the property in controversy. We see no reason why this litigation should be prolonged by permitting another trial on the question of possession of the plaintiff.

The judgment of the district court is reversed and the cause remanded, with directions to enter the appropriate judgment in favor of the defendant, after such hearing as may be necessary to advise the court to that end.                    *Judgment reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CAMPBELL concur.