## No. 12,045.

SLIFE *v.* CREDIT FINANCE CORPORATION.

Decided February 11, 1929.

Mr. Arthur R. Morrison, for plaintiff in error.

Mr. Edward Miller, for defendant in error.

*Department Two.*

Mr. Justice Moore delivered the opinion of the court.

Parties are referred to as in the lower court.

Plaintiff sued defendant and others, to recover $475, balance due on their note dated January 16, 1926, payable to the order of plaintiff at the rate of $50 per month beginning February 16, 1926, with interest at the rate of one per cent per month after maturity. The note also provided for 15 per cent attorneys' fees in the event of collection by attorney. This note was secured by chattel mortgage on restaurant equipment given by R. T. Beavert, one of the makers. A prior chattel mortgage, covering the identical chattels, was foreclosed before this suit was instituted. This fact, appearing in the record, it now becomes unnecessary for us to consider the questions of estoppel raised by defendant.

The pertinent defense is in effect a general denial of liability. Upon a trial to a jury the lower court directed the jury to return a verdict of $603.25, and judgment was entered thereon, to review which this writ is prosecuted.

Two questions are presented to the court: (1) Did the court err in directing a verdict? (2) Did the court err in the amount of verdict?

I. A careful examination of the record discloses, by undisputed evidence, that defendant signed the note and authorized its negotiation. There is an entire absence of evidence to show a revocation of authority to negotiate said instrument. It was thereupon mandatory that the trial court direct a verdict. *Israel v. Day,* 41 Colo. 52, 92 Pac. 698.

II. Defendant further claims that the verdict should not have exceeded the sum of $553.25 because the sum of

$50 was deducted from the principal amount and retained by plaintiff as an advance payment of ten months' interest on the note.

Plaintiff claims that because the note provided "It is agreed that on failure to pay any installment of principal and interest when due, the holder hereof may declare the remaining principal and interest due and payable at once," the note matured upon failure to pay installment of principal due February 16, 1926, and it was entitled to receive one per cent per month from that date.

The settlement sheet of plaintiff at time loan was made shows:

```
                                  "Note   $500.00
    Ins.  .........................$12.40
    Inves. Fee ....................  2.50
    Int. 10 mos....................  50.00
    Papers  .......................  5.35    70.25
                                          _____
                                          $429.75
```

Beavert received their check for $429.75."

The judgment was computed as follows:

```
    "Balance on note.....................$475.00
    Int. 12 mos. at 1% per month..........  57.00
    Attorney's fees 15%...................  71.25
                                          _____
                                          $603.25"
```

Suit was commenced May 19, 1926. Judgment was entered February 10, 1927.

Defendant, having duly excepted to direction of verdict, the verdict and judgment entered thereon, may now question the amount thereof.

We are of opinion that the trial court was in error as to the amount of interest due on the note.

Ten months interest had been deducted in advance. No interest was due thereon until after November 16, 1926. The trial court allowed $57 being interest of one per cent per month from February 16, 1926, to date of

judgment February 10, 1927, apparently upon the assumption that, because defendant failed to pay installment due February 16, 1926, the note matured by virtue of the acceleration clause and interest at one per cent per month after maturity, as provided therein, was collectible from said date.

To so hold would, in effect, inflict a penalty upon defendant by requiring him to pay double interest for this ten months' period. Assuming that said failure to pay installment of principal due February 16, 1926 matured the note, still no interest was due thereon until after the 10 months had expired for which the interest had been paid. The trial court, therefore, should have allowed interest at the rate of one per cent per month from November 16th to date of judgment February 10, 1927, amounting to $13.30. Deducting this sum from $57 allowed for interest, the balance $43.70 was not recoverable and the judgment should be reduced by this amount.

The judgment is accordingly so modified and as modified affirmed; costs in this court to be divided equally.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE BURKE and MR. JUSTICE BUTLER concur.