No. 14,307.

REED ET AL. *v.* ORDWAY STATE BANK.
(78 P. [2d] 624)

Decided April 18, 1938.

Mr. HARRY E. MAST, for plaintiffs in error.

Mr. CHARLES C. WOOLDRIDGE, for defendant in error.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

A CODE action by the bank to recover possession of personal property, which was adjudged.

It appears that for more than a year preceding July 30, 1936, one Malone, a resident of Ordway, was the owner of two certain mules; that in June, 1935, Malone delivered the mules to one Boget, living in the country, who undertook to care for them in exchange for their use on his ranch, and that arrangement and possession continued

until December 31, 1936, when in an action before a justice of the peace for debt against Malone, Reed Brothers caused the mules to be attached by Wunderlich, a constable; that Malone did not defend against the Reed Brothers' action, and in due time and course the justice of the peace entered judgment against him and sustained the writ of attachment.

It further appears that July 30, 1936, Malone was indebted to the bank on an overdue obligation for slightly less than $150, in payment of which he gave the bank a bill of sale for the mules; that possession of the mules continued in Boget as theretofore, neither Malone nor the bank doing or saying anything to indicate change in ownership had taken place, nor did Reed Brothers or Boget or Wunderlich, the constable, have knowledge thereof at the time of the attachment or before. The present action was instituted March 4, 1937.

The question is, Was the sale of the mules to the bank "fraudulent or void" as to Reed Brothers, creditors of Malone? The premises considered, we are disposed to think so. The statute, section 14, chapter 71, '35 C. S. A., reads as follows: "Every sale made by a vendor of goods and chattels in his possession or under his control, and every assignment of goods and chattels, unless the same be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the things sold or assigned, shall be presumed to be fraudulent and void, as against the creditors of the vendor, or the creditors of the person making such assignment, or subsequent purchasers in good faith, and this presumption shall be conclusive."

At the time of sale the chattels were not in the physical possession of the vendor, Malone, but were under "his control." The sale was not "accompanied by an immediate delivery" to the bank, or any delivery, nor was it "followed by an actual and continued change of possession of the things sold." In *Israel v. Day*, 41 Colo. 52, 92 Pac. 698, which presented a strikingly similar situation,

but more favorable to the purchaser than here, we adjudged against the latter, saying: ''There was no change, such as would apprise the community or those familiar with the property in controversy and conditions, as they existed previous to the sale.'' So here. Conditions, obtaining before the sale to the bank continued until after the Reed attachment. The court should have directed a verdict in favor of the attaching creditors, to which it was timely moved, and entered judgment for them. To the end that such judgment may be given, let the present one be reversed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE YOUNG and MR. JUSTICE BAKKE concur.